Cause No. 10CR3689

Patrick L. Campbell Jr.
TDCJ-ID# 1772015

Relator

V.

Judge John Ellisor

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

MAR 23 2015

CHRISTOPHER A. PRINE
CLERK

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 24 2015

CHRISTOPHER A. PRINE

CLERK _____

212nd Judicial

District Court of

Galveston County, Texas

Plaintiff's original Application For writ of mandamus

To the Honorable Judge of said court:

Comes Now, Patrick Lee Campbell Jr., Relator, pro se in the above Styled and numbered cause of action and files this original Application For writ of mandamus, pursuant to Article 11.07 Section 3 (C) of the Texas Code of Criminal Procedure, and would show the court the following:

B. Relator

1.01 Patrick Lee Campbell Jr., TDCJ# 1772015, is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at 2101 F.m. 369 N., Wichita County, Texas 76367.

1.02 Relator has exhausted his remedies and has no other adequate remedy at law.

1.03 The act sought to be compelled is ministerial, not discretionary in nature.

(1)

## Statement of The Case

The relator plead not guilty to the offense of Aggravated Robbery. The relator was convicted of the offense of Aggravated Robbery on conclosion of a jury trial in the 122nd Judicial District court of Galveston county, Texas, and was sentenced by the court to the Texas Department of corrections for a period of 50 years.

## Statement of Facts

The relator was charged and convicted of the offense of Aggravated Robbery on the findings of a deadly weapon, namely a firearm as defined by V.T.C.A. Penal code Sec 29.03. The firearm was never recovered or presented at trial by the state. The state did present the "clip" that came from the alleged firearm, which did not contain the relators DNA, but was tainted with an unknown suspects DNA.

The victim, Jose Varela, testified at trial that the relator was not the assailant responsible for the robbery and assault. The victim Jose Varela testified at trial that he could not identify anyone involved in the robbery and assault cause "all" suspects involved were wearing black ski masks.

The relator filed a chapter 64 DNA motion requesting Appointment of counsel and DNA testing pursuant to Article 64.03 (B)(2)(A)(B), and Article 64.035 Unidentified DNA Profile to have the unidentified DNA identified through DNA match.

On the 10th of October 2014, the District clerk of Galveston county received and stamp filed the relators chapter 64 DNA motion. (see exhibit #1)

(2)

The relator, on the 2nd of February, 2015 did mail a certified letter to the District Clerk of Galveston County requesting to know the status of his chapter 64 DNA motion, (see exhibit #2- The letter, and exhibit #3- The Domestic Return Receipt).

Article 64.02. Notice to State, response

(a) On receipt of the motion, the convicting court shall:

(1) provide the attorney representing the state with a copy of the motion; and

(2) require the attorney representing the state to take one of the following actions in response to the motion not later than the 60th day after the date the motion is served on the attorney representing the state:

(A) deliver the evidence to the court, along with a discription of the condition of the evidence; or

(3) explain in writing to the court why the state cannot deliver the evidence to the court.

(b) The convicting court may proceed under Article 64.03 after the response period described by subsection (a)(2) has expired, regardless of whether the attorney representing the state submitted a response under that subsection.

## Ministerial Duty

The act sought to be compelled is ministerial, not discretionary in nature. The trial court has failed to respond to the relators chapter 64 DNA motion for appointment of counsel and DNA testing as required by Article 64.02

(3)

(a) (2) of the Texas code of Criminal Procedure. Therefore, the relator requests that this court compel the trial court of Judge John Ellisor to respond to the relators chapter 64 DNA motion request for Appointment of counsel and DNA testing pursuant to Article 64.03 (B) (2) (A) (B) and 64.035 unidentified DNA Profile of the Texas code of Criminal Procedure.

Patrick L. Campbell Jr.
Patrick L. Campbell Jr.
Relator Pro Se
TDCJ No.# 1772015
J.V. Allred Unit
2101 F.m. 369 N.
Iowa Park, Texas 76367

(4)

Date: October 3, 2014

John E. Kinard County District Clerk
600 59th Street, Suite 4001, P.O. Box
Galveston, Texas 77551

RE: Appointment of Counsel Pursuant to Article
64.01 (C) Affidavit, And Affidavit of Indigency
Requesting DNA Testing under Article 64.03 (B)
(2) (A) (B), And 64.035 "Unidentified DNA Profile"
Cause No. 10CR3689

Dear Kinard:

Enclosed Please Find Movant's motion
For Appointment of Counsel, Affidavit, Order, And
Affidavit of Indigency In The Above Styled And
Numbered Cause. Also, Please Find Enclosed Movant's Table
of Contents, And Index of Authorities, cases. Please File
These mentioned Herein And Bring It To The Attention
of the Court.

Please, Also Send me a File Stamped
copy of This Letter In The Self Addressed Postage Paid
Envelope That I Have Enclosed Along With The Enclosed
copy of This Letter.

Your Time, Help, And Understanding
In this matter Is Greatly Appreciated

(Exhibit #1)

Patrick L. Campbell Jr.
Patrick L. Campbell Jr.
Defendant Pro se
TDCJ No. 1772015
J.V. Allred Unit
2101 F.m. 369 N.
Iowa Park, Texas
76367

(COPY)

(Copy)

( Exhibit 2 )

Patrick L. Campbell Jr.
Tdcj No.# 1772015
J.V. Allred Unit
2101 F.m. 369 S.
Iowa Park, Texas 76367

January 31, 2015

John D. Kinard
District Clerk Galveston County
600 59th Street, Suite 4001
P.O. Box 17250
Galveston, Texas 77551

To whom this may concern:

On October 10, 2014 The District Clerk's office filed a Chapter 64 motion of mine Requesting Appointment of Counsel And DNA Testing with the trial court, court room 122nd of Judge John Ellisor.

According to Article 64.02 Notice to State, Response,

(a) on receipt of the motion, the convicting court shall:

(1) Provide the attorney representing the state with a copy of the motion; and

(2) Require the attorney representing the state to take one of the following actions in response to the motion not later than the 60th day after the date the motion is served on the attorney representing the state.

(A) deliver the evidence to the court, along with a description

of the condition of the evidence; or

    (B) explain in writing to the court why the state cannot deliver the evidence to the court.

    (b) The convicting court may proceed under Article 64.03 after the response period described by Subsection (a)(2) has expired, regardless of whether the attorney representing the state submitted a response under that subsection.

    To this day I have not received a response from the court concerning my motion. So, before I file my writ of mandamus with the court of Appeals I am requesting of your office to inform me about the status of my motion.

    Thank you for your time, help, and understanding in this matter.

        Sincerely
        Patrick L. Campbell



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Mr. Patrick L. Campbell Jr.   7I.18B
TDCJ No.# 1772015
J.K. Allred Unit
2101 F.m. 369 N.
Iowa Park, Texas 76367

Exhibit #3

**SENDER: *COMPLETE THIS SECTION***

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  W Deese     ☐ Agent
              ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

W. Deese     2-9-16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to: John D. Kinard

District Clerk Galveston

600 59th Street, Suite 4001

P.O. Box 17250

Galveston, Texas 77551

3. Service Type
   ☐ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*     ☐ Yes

2. Article Number
   *(Transfer from service label)*     7014 1820 0001 2048 4150

PS Form 3811, July 2013     Domestic Return Receipt

Patrick L. Campbell Jr.

TDCJ NO # 1772015

J.v. Allred Unit

2101 F.m. 369 N.

Iowa Park, Texas 76367


March 18, 2015


Christopher A. Prine

Fourteenth Court of Appeal

301 Fannin St. Rm 245

Houston, Texas 77002


Dear Prine:

Enclosed, please find relators "Original Application for writ of mandamus", Cause No. 10CR3689. Also, please find enclosed relators exhibits. Exhibit #1- relators filed stamped copy of Chapter 64 DNA motion request letter for appointment of counsel and DNA testing pursuant to Article 64.03 (B) (2) (A) (B) and Article 64.035- Unidentified DNA Profile, code of criminal procedure. Exhibit- #2- relators copy of letter, sent certified to District Clerk of Galveston County, John D. Kinard, and exhibit #3- relators Domestic Return Receipt. Please, file these mentioned herein and bring to the attention of the court.

Please, send me a filed stamped copy of this letter in the self addressed postage paid envelope that I enclosed along with the enclosed copy of this letter.

Your time, help, and understanding in this matter is greatly appreciated.

Sincerely

Patrick L. Campbell Jr.

## NOTICE
## OFFENDER NOTARY PUBLIC SERVICE

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

In a request for Notary Public service, each offender must explain why an Unsworn Declaration is insufficient before Notary Public service will be provided.

*******************************************************************

*An example of an unsworn declaration pursuant to State law is as follows:*

"My name is <u>Patrick          Lee          Campbell</u> my date of birth is <u>1/5/80</u>,
          (First)    (Middle)    (Last)

and my inmate identifying number, is <u>1772015</u>. I am presently incarcerated in

<u>James V. Allred Unit</u> in <u>Iowa Park</u>
    (Corrections unit name)        (City)

<u>Wichita</u>       <u>Texas</u>      <u>76367</u>. I declare under penalty of
 (County)        (State)      (Zip Code)

perjury that the foregoing is true and correct.

Executed on the <u>18</u> day of <u>March</u>, 20<u>15</u>. <u>Patrick l. Campbell Jr.</u> "
                                               (Offender Signature)

*******************************************************************

*An example of an unsworn declaration pursuant to Federal law is as follows:*

I _____(insert offender name and TDCJ number), being presently incarcerated in _____ (insert TDCJ unit name), in _____County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the _____day of_____, 20___. _____ "
                                                 (Offender Signature)

*******************************************************************

## NOTICE
## NOTARY PUBLIC SERVICE DENIAL

Regarding your request for Notary Public service, insufficient justification was provided necessitating Notary Public service. However, you may proceed with an Unsworn Declaration.

_____          _____
(Signature - Notary)                        (Date)

Patrick L. Campbell Jr.
TDCJ No 1772015
J.C. Allred Unit
2101 FM 369 N.
Iowa Park Texas 76367

7014 1820 0001 2048 4167

Christopher A. Prine-Clerk
Fourteenth Court of Appeals
301 Fannin St. Rm 245
Houston, Texas 77002

UNITED STATES
POSTAL SERVICE

1000

77002